IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 14-30007 |
| ERIC PADAVIC, | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

On February 11, 2014, the grand jury charged Defendant Eric Padavic by Indictment with Unlawful Transport of Firearms in violation of 18 U.S.C. § 922(g)(1).  On February 20, 2014, Defendant was arrested.  On February 21, 2014, Defendant appeared before the Court for an initial appearance and arraignment.  The Government did not seek detention.

This Court ordered Defendant released on his own recognizance on an unsecured $10,000 bond until Friday, February 28, 2014.  As of

February 28, 2014, Defendant shall remain on release so long as he posts 10% of a $5,000 bond.  This Court now sets forth in writing the reasons for the order of release subject to certain conditions.  <u>See</u> Fed.R.App.P 9(a)(1) ("The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case").

A judge shall order the pretrial release of a defendant on personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judge unless the judge determines that such release will not reasonably assure the appearance of the person or will endanger the safety of any other person or the community.  18 U.S.C. § 3142(b) (requiring as a condition of release under § 3142(b) that the person not commit a Federal, State, or local crime during the period of release and that the person cooperate in the collection of a DNA sample if authorized by the DNA Analysis Backlog Elimination Act of 2000).  However, if the judge determines that release under § 3142(b) will not reasonably assure the appearance of the person or will endanger the safety of any other person or the community, the judge shall order the

pretrial release of the person subject to the same conditions required under § 3142(b) and such further least restrictive conditions, or combination of conditions, that will ensure the appearance of the person and the safety of any other person and the community. 18 U.S.C. § 3142(c)(1).

In determining whether there are conditions that will reasonably assure the appearance of the person and the safety of any other person and the community, the judge should consider:

    (1)    the nature and circumstances of the offense charged, including whether the crime is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including --

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole,

> or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The information contained in the pretrial service report indicates that that Defendant poses a risk of nonappearance because of his previous failure to comply with probation in a state court case. Moreover, Defendant poses a risk of danger due to the nature of the present offense, Defendant's previous history of possessing weapons and similar criminal activity, and his previous failure to comply with probation in a state court case.

Specifically, Defendant has previous convictions for delivery of methamphetamine and unlawful sale of a firearm. Defendant faces a term of imprisonment in this case of up to 10 years. Further, Defendant pled guilty to transportation of alcohol by a driver in 2001. Therefore, the condition pertaining to alcohol is added.

In light of the circumstances of this case, the Court finds that Defendant's release subject to the following conditions will reasonably assure Defendant's appearance and the safety of any other person and the community:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The Defendant must submit to supervision by and report for supervision to the U.S. Probation Office, on February 24, 2014 at 10:30 a.m., to U.S. Probation Officer Tom Brown, telephone number 217/492-1364.

(4) The Defendant must continue to maintain or actively seek employment.

(5) The Defendant must surrender any passport to: U.S. District Clerk's Office within 72 hours of release.

(6) The Defendant must not obtain a passport or other international travel document.

(7)  The Defendant must abide by the following restrictions on personal association, residence, or travel:  Defendant's travel is restricted to the Central District of Illinois.

(8) Defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, excluding:  Donna Padavic (Defendant's mother) and Barbara Shaw (Defendant's girlfriend).

(9)  Defendant must not possess a firearm, destructive device, or other weapon.

(10)  Defendant must not use alcohol.

(11)  Defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(12)  Defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  Defendant must not

obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(13) Defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

(14) Defendant must report as soon as possible to the pretrial services office or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

In addition, Defendant's release is conditioned on execution of a $10,000 O/R bond that will be in place until February 28, 2014. By February 28, 2014, Defendant shall post $500, which constitutes 10% of the $5,000 bond that is required for him to remain on release after February 28, 2014. The Court imposes this condition because it is necessary to reasonably assure Defendant's appearance as required.

Defendant is currently employed earning $10.50 per hour and working 40 hours per week at Michelmann Steele Company in Quincy. While Defendant has limited financial means, the Court knows that the $500 will be available to Defendant shortly because those funds are being

returned to him following the dismissal of charges against him in Adams County.  See 18 U.S.C. § 3142(c)(1)(B)(xi) (providing that a condition of bond may include the condition that the person "execute an agreement to forfeit, upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required"); see also See United States v. Gutierrez, 771 F.2d 1001, 1002 n.1 (7th Cir. 1985) (noting that while the Bail Reform Act of 1984 does not, unlike its predecessor, provide for a ten percent appearance bond condition, it does provide "greater flexibility to the court in setting financial conditions of release.  The concept of an appearance bond is retained but the court has the discretion to determine what percentage of the amount of the bond is to be posted with the court").

ENTER: February 26, 2014

FOR THE COURT:

    s/ Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE